IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SVP Financial Services Partners LLLP, et al.,<br><br>Debtor.<br><br>Theodore M. Seldin, et al.,<br><br>Appellant,<br>vs.<br><br>Sky Financial Investments LLC, et al.,<br><br>Appellees. | No. 2:17-cv-00706-SPL<br>No. 2:14-bk-14741-BKM<br><br>**ORDER** |

Appellant Theodore M. Seldin, et al., (the "Omaha Seldins") brings an appeal pursuant to 28 U.S.C. § 158 of a judgment issued by the United States Bankruptcy Court, District of Arizona (the "Bankruptcy Court"), in the chapter 7 bankruptcy cases of SVP Financial Services Partners LLLP, et al., Case No. 2:17-cv-00706. This Court has reviewed the Bankruptcy Court's ruling granting a sale of certain assets of the bankruptcy estate and the Appellees' motion to dismiss this appeal on jurisdictional grounds. The appeal is fully briefed, and for the reasons that follow, the Bankruptcy Court's judgment will be affirmed and the motion to dismiss will be denied.

**I.     Background**

This appeal arises from a sale of bankruptcy estate assets, consisting of the avoidance powers vested in a chapter 7 bankruptcy trustee and certain related litigation claims. The Omaha Seldins have equity ownership interests in Sky Financial

Investments, LLC (the "Debtor"). (Doc. 18 at 4.)  It is alleged that the Debtor's former manager, Sky Colonial II Management, LLC ("Sky Colonial") improperly transferred approximately $1,251,516.00 in "management fees" to itself before resigning from its position. (Doc. 18 at 11.)  After a state-court receiver was appointed to preserve the Debtor's remaining assets, the receiver recommended that the Debtor file for bankruptcy protection for the purpose of, among other things, acquiring the benefit of a bankruptcy trustee's avoidance powers for the recovery of preferences and fraudulent transfers (the "Avoidance Powers"). (Doc. 18 at 4.)

Accordingly, the Debtor filed a voluntary chapter 7 bankruptcy petition with the Bankruptcy Court on September 26, 2014, and David A. Birdsell was appointed chapter 7 trustee (the "Trustee") soon after. (Doc. 18 at 12.)  On October 20, 2014, the Trustee initiated an adversary proceeding against Appellees KCIR Restaurant Management, LLC ("KCIR") and Sky Colonial, in order to avoid the approximately $1.2 million transfer as a preference. (Doc. 18 at 13.)  In almost four years' time, this adversary proceeding has made some progress in discovery, but the matter is far from being resolved. (Doc. 18 at 3.)

KCIR and Lionel Trust are the only two creditors of the bankruptcy estate.  KCIR, as the assignee of Sky Colonial, alleges that it is owed millions of dollars in management fees and expenses from the Debtor.  KCIR's proof of claim has also been the subject of lengthy litigation due to challenges from the Omaha Seldins.  Lionel Trust filed a proof of claim for approximately $17,292.73, but this claim is expected to be fully satisfied through a separate, jointly-administered bankruptcy case.

On December 28, 2016, the Trustee filed a motion (the "Sale Motion") seeking to sell certain litigation claims and the Trustee's Avoidance Powers to KCI Acquisitions II, LLC ("KCI Acquisitions") as property of the estate. (Doc. 18 at 4.)  KCI Acquisitions shares a manager with Sky Colonial, the entity giving rise to the preferential transfers that are the subject of the preference litigation claims. (Doc. 18 at 4.)  After addressing the Omaha Seldins' preliminary objection to the structure and procedure of the sale, the

Bankruptcy Court ordered an organized procedure for bidding on the preference litigation claims. KCI Acquisitions was the only party to submit a bid of $65,000 for certain causes of action brought under the Avoidance Powers of the bankruptcy estate and $7,500 for derivative claims of the bankruptcy estate (together, the "Avoidance Claims"). (Doc. 18 at 5.)

The Omaha Seldins filed a substantive objection to the Sale Motion along with a motion under § 503(b)(3)(B) of the Bankruptcy Code (the "503 Motion") seeking (i) the Bankruptcy Court's authorization to pursue the preference and fraudulent transfer causes of action against KCIR and Sky Colonial on behalf of the Trustee and (ii) reimbursement for the fees and expenses accrued in the process. (Doc. 18 at 5.) The Omaha Seldins argued that their offer to pursue the Avoidance Claims on the Trustee's behalf would preserve approximately $1.6 million in potential recoveries for the bankruptcy estate, and the potential recovery under the 503 Motion would far outweigh the $72,500 bid from KCI Acquisitions.

The Trustee compared the benefits of the 503 Motion and the Sale Motion and decided that the certainty of the instant cash payment under the Sale Motion was the preferred outcome in the best interests of the bankruptcy estate. On February 9, 2017, the Bankruptcy Court held a hearing on the Sale Motion and the 503 Motion (the "Sale Motion Hearing"). At no time during the Sale Motion Hearing did the Omaha Seldins express an interest in making a competing bid for the Avoidance Claims. In order to address some of the Bankruptcy Court's concerns, KCIR offered to subordinate its claim to that of Lionel Trust, the only other creditor in the case, thus assuring that Lionel Trust's claim would be paid first from the proceeds of the $72,500 purchase price if needed.

At the conclusion of the Sale Motion Hearing, the Bankruptcy Court approved the sale of the Avoidance Claims through the Sale Motion. On February 27, 2017, the Omaha Seldins made a motion for reconsideration of the Bankruptcy Court's decision, but the motion was denied without a hearing. The Bankruptcy Court issued an *Order*

*Approving Trustee's Motion To Sell Property of the Estate Free and Clear of Liens, Claims and Interests, pursuant to U.S.C. §363* on March 6, 2017 (the "Sale Order"). The Omaha Seldins timely filed this appeal.

After this appeal was filed, the Appellees filed a motion to dismiss the appeal on jurisdictional grounds and to stay briefing on the merits pending the resolution of the motion to dismiss. (Doc. 30.) The motion to stay briefing on the merits was denied by the Court. (Doc. 62.) In the motion to dismiss, the Appellees argue that the Omaha Seldins do not have standing to appeal the Sale Order because they transferred their equity interests to an arbitrator during the process of resolving a separate issue between the parties. (Doc. 30 at 2–3.) At the time the Sale Motion was filed, there was an order to show cause why the Omaha Seldins' equity interests should not be returned to them. (Doc. 35 at 5.) At the time of the filing of this appeal, it is this Court's understanding that the equity interests had been returned to the Omaha Seldins.

## II.  Standard of Review

Under 28 U.S.C. § 158(a)(1), the Court has jurisdiction over appeals from "final judgments, orders, and decrees" of bankruptcy judges. The Court reviews the bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. *Deck v. Tramiel* (*In re JTS Corp.*), 617 F.3d 1102, 1109 (9th Cir. 2010); *Christensen v. Tucson Estates, Inc.* (*In re Tucson Estates, Inc.*), 912 F.2d 1162, 1166 (9th Cir. 1990). The Court must accept the Bankruptcy Court's findings of fact unless the Court "is left with the definite and firm conviction that a mistake has been committed[.]" *Greene v. Savage* (*In re Greene*), 583 F.3d 614, 618 (9th Cir. 2009.) The Court reviews the evidence in the light most favorable to the prevailing party. *Lozier v. Auto Owners Ins. Co.*, 951 F.2d 251, 253 (9th Cir. 1991). The abuse of discretion test requires the Court to first "determine *de novo* whether the court identified the correct legal rule to apply to the relief requested," and if the court identified the correct legal rule, it abused its discretion only if its "application of the correct legal standard was (1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" *United*

*States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009).

### III. Discussion

#### 1. Appellees' Motion to Dismiss

The Appellees argue that the Omaha Seldins do not have standing to appeal the Sale Order due to a temporary assignment of all of their equity interests in Sky Financial to an arbitrator of separate causes of action between the parties. In previously addressing this issue, the Bankruptcy Court held that the Omaha Seldins had standing to object to the Sale Motion. As the Appellees are objecting to the Omaha Seldins' standing to make this appeal, this is new issue reviewed by the Court. This Court makes its own determination as to standing in this appeal separate from the Bankruptcy Court's determination.

To prove an injury in fact, a party need only allege an injury fairly traceable to the wrongful conduct. *In re P.R.T.C., Inc., 177 F.3d 774, 777 (9th Cir. 1999)*. Bankruptcy litigation almost always impacts the interests of persons who are not parties to the litigation. *Id. citing In re Pecan Groves of Arizona*, 951 F.2d 242, 245 (9th Cir. 1991). It is well settled that in order for a party in interest to have standing in a bankruptcy case, courts require that the party must be a "person aggrieved" by the bankruptcy court's order. *Id*. at 777. An appellant is aggrieved if "directly and adversely affected pecuniarily by an order of the bankruptcy court," and the order must diminish the appellant's property, increase its burdens or detrimentally affect its rights. *Id*.

This Court finds that the Omaha Seldins have standing to appeal the Sale Order as equity holders of the Debtor and interested parties in the bankruptcy case. The Appellees' argument that the Omaha Seldins lack standing to object to the Sale Order because they are not creditors of the Debtor is incorrect. As stated above, parties in interest that are not creditors of the debtor but have other interests in the resolution of a bankruptcy case have standing to object when their interests are impacted. *P.R.T.C.*, 177 F. 3d at 777. It is clear from the record that the Omaha Seldins were directly impacted by the transfers giving rise to the Avoidance Claims and that they have a continued interest in any order purporting to sell those claims over their objection.

Furthermore, the Appellees' argument that the Omaha Seldins lack standing to object due to the temporary transfer of their security interests to an arbitrator was previously rejected by the Bankruptcy Court and will not succeed in this Court. (Doc. 35 at 5.) To comply with Arizona Law and SEC Regulations, the Omaha Seldins temporarily transferred their equity interests to an arbitrator of a separate dispute. *Id.* Upon the final dispositive order in that arbitration, the arbitrator re-assigned the equity interests to the Omaha Seldins. (Doc. 15 at 6.) By the time of the Sale Motion Hearing, there was an order to show cause why the interpleaded equity interests should not be returned to the Omaha Seldins. (Doc. 35 at 5.) Furthermore, the issue of standing was addressed at the Sale Motion Hearing, and the Bankruptcy Court confirmed that "there's no question the arbitrator isn't the party with the interests." (Sale Motion Hearing Transcript at 99). At all relevant times, the Omaha Seldins had standing to object to the Sale Motion, and they continue to have standing to appeal the Sale Order. Any argument that the Omaha Seldins permanently transferred their equity interests in the Debtor to an independent arbitrator is misguided. Accordingly, the Appellees' motion to dismiss the Omaha Seldins' appeal on jurisdictional grounds is denied.

**2. Appellants' Appeal of Sale Order**

The Bankruptcy Court entered the Sale Order allowing the Trustee to transfer its avoidance powers and certain related causes of action to KCI Acquisitions, an affiliate of a defendant to those avoidance actions. This Court reviews the Bankruptcy Court's factual findings for clear error, and its legal conclusions *de novo*. *P.R.T.C.*, 177 F. 3d at 782. A bankruptcy court's approval of a trustee's sale of property of the estate outside the ordinary course of business or settlement agreements pursuant to Federal Rule of Bankruptcy Procedure 9019 is reviewed for abuse of discretion. *In re Lewis*, 515 B.R. 591, 594 (B.A.P. 9th Cir. 2014).

The first question on appeal is whether the Bankruptcy Court erred in ruling that the Trustee's avoidance powers and related causes of action can be sold to an affiliate of the defendant to the avoidance action. This is a conclusion of law that the Court reviews

*de novo*.

It is clear to this Court that the Ninth Circuit permits a chapter 7 trustee's avoiding powers to be sold or transferred, even if the sale is made to a party affiliated with a defendant involved in the avoidance actions. *In re Lahijani*, 325 B.R. 282, 288 (B.A.P. 9th Cir. 2005). Accordingly, the Bankruptcy Court was required to review the transfer of the chapter 7 trustee's avoidance powers as both a sale under § 363 of the Bankruptcy Code and a compromise under Federal Rule of Bankruptcy Procedure 9019. *Lahijani*, 325 B.R. at 287; *In re A & C Properties*, 784 F. 2d 1377, 1380 (9th Cir. 1986). This Court must review the Bankruptcy Court's decision to enter the Sale Order only for abuse of discretion.

**A. § 363 Sale Standard**

The role of a bankruptcy court in approving a § 363 sale is to review the trustee's business judgment to independently assess whether the trustee's judgment is reasonable. As a general matter and in the absence of an objection, bankruptcy courts may defer to a trustee's business judgment in determining whether optimal value is being received by the estate under § 363 sales. The bankruptcy court does not substitute its own judgment for that of the trustee. Instead it only determines whether the trustee's judgment is reasonable and whether sound business justification exists to support the proposed sale and its terms.

In order for a court to approve a sale of a trustee's avoidance powers, the court must find that the creditor purchasing the trustee's avoidance powers demonstrates that: (1) the creditor is pursuing interests common to all creditors; and (2) allowing the creditor to exercise those powers will benefit the remaining creditors. *P.R.T.C.*, 177 F. 3d at 782–3). A creditor who purchases avoidance powers is not required to pursue those powers for the benefit of all creditors. *Lahijani*, 325 B.R. at 288. And, in determining whether an assignment of avoidance powers benefits the remaining creditors, a court should consider the assignment in light of the other options before the court. *P.R.T.C.*, 177 F. 3d at 783.

In the face of opposition to a sale, it is the bankruptcy court's responsibility to

evaluate the value provided to the bankruptcy estate. *Lahijani*, 325 B.R. at 289. If the creditor seeking to purchase a trustee's avoidance powers is a defendant to the avoidance cause of action, a court is required to evaluate the purchase price with a higher level of scrutiny. *In re Fitzgerald*, 428 B.R. 872, 883 (B.A.P. 9th Cir. 2010) (stating that the sale of a cause of action to a defendant in circumstances in which the plaintiff is the only competition is an example of constrained competition that warrants more scrutiny.)

The Bankruptcy Court did not abuse its discretion in entering the Sale Order. The Bankruptcy Court applied the appropriate legal standard for a potential § 363 sale of the Trustee's avoidance powers and had a sufficient factual basis to enter the Sale Order. The transcript from the Sale Motion Hearing reflects the Bankruptcy Court's extensive analysis of the arguments set forth by the Trustee, the Omaha Seldins and KCI Acquisitions as to whether the sale was a reasonable business decision. The Bankruptcy Court questioned the Trustee with regard to the value of the Avoidance Claims, and the Trustee stated that the value of the claims, while speculative, was either zero or the amount bid for their purchase. (Sale Motion Hearing Transcript at 60, 79.)

Furthermore, the Bankruptcy Court considered arguments from the Trustee, the Omaha Seldins and KCI Acquisitions on the value of the claims being sold against the alternative of granting the Omaha Seldins' § 503 Motion. The Trustee argued that the sale of the Avoidance Claims was in the best interest of the bankruptcy estate as compared to having the Omaha Seldins continue to litigate the Avoidance Claims because of the weak likelihood of success on those claims. (Sale Motion Hearing Transcript at 80–82.) At the conclusion of the Sale Motion Hearing, the Bankruptcy Court found that the sale was within the reasonable business judgment of the Trustee, and that the additional level of scrutiny set forth in the *Fitzgerald* case was also satisfied.

This Court agrees with the Bankruptcy Court and holds that its findings were not an abuse of discretion. There was sufficient evidence in the record to demonstrate that the presence of KCI Acquisitions' cash offer for the purchase of the Avoidance Claims was a reasonable choice and exercise of business judgment compared to the uncertainty

8

of the terms set forth in the Omaha Seldins' 503 Motion. Notably, the fact that KCI Acquisitions was the only bidder willing to purchase the claims had some bearing on the value of such claims. Precedent does not require a finding that KCI Acquisitions will or should exercise the avoidance powers for the benefit of all creditors. And, the Omaha Seldins were not able or not willing to produce a more attractive offer that would have provided a better result for the bankruptcy estate. Given the extensive and storied background of the case and the other options available before the Bankruptcy Court and the Trustee at the time of the Sale Motion, it was a reasonable exercise of business judgment for the Trustee to want to recover some instant value from the sale of the Avoidance Claims to KCI Acquisitions.

Finally, the Bankruptcy Court's decision to accept KCI Acquisitions' amended bid to subordinate KCIR's claim to Lionel Trust's claim was within the Court's discretion in entering the Sale Order. This Court finds that the Bankruptcy Court was right to consider the size of KCIR's claim and balance the fact that, without subordinating its claim, most of the purchase price would have been consumed by KCIR's own claim, with little left for Lionel Trust. Therefore, the Bankruptcy Court was fully within its discretion to permit KCIR to sweeten KCI Acquisitions' bid by subordinating KCIR's claim to that of Lionel Trust. Accordingly, this Court finds that the Bankruptcy Court did not abuse its discretion in finding that the Trustee exercised reasonable business judgment in moving for the sale and entering the Sale Order accordingly.

**B. Rule 9019 "Fair and Equitable" Settlement Test**

The Bankruptcy Court was also required to independently evaluate the Sale Motion as a settlement under the prevailing "fair and equitable" test. *Lahijani*, 325 B.R. at 284. Before approving a settlement between parties, the fair and equitable settlement standard requires consideration of: (a) probability of success in the litigation; (b) collectability; (c) complexity, expense, inconvenience, and delay attendant to continued litigation; and (d) the interests of creditors, which are paramount. *Lahijani*, 325 B.R. at 290. And, as mentioned by the Omaha Seldins, a creditor's motion under § 503 to bear

the risk and expense of pursuing avoidance actions on behalf of the bankruptcy estate is a matter that the bankruptcy court is obliged to consider when weighing a compromise that would eliminate the recovery action. *Lahijani*, 325 B.R. at 292.

This Court finds that the Bankruptcy Court did not abuse its discretion in entering the Sale Order in light of the "fair and equitable" test and gave a fair consideration to the Omaha Seldins' § 503 Motion. At the Sale Motion Hearing, the Bankruptcy Court found that the amount of uncertainty surrounding the success of the Avoidance Claims, if pursued by the Omaha Seldins, outweighed the benefits of accepting an instant cash payment for a sale of the Avoidance Claims. (Sale Motion Hearing Transcript at 102.) The Bankruptcy Court stated that it was not provided with enough information on the collectability prong of the test and decided that the issue would not favor or inhibit the approval of the Sale Motion. (Sale Motion Hearing Transcript at 102.) The Bankruptcy Court heavily weighed the complexity, expense, inconvenience and delay of continuing to litigate the Avoidance Claims and KCIR's proof of claim. (Sale Motion Hearing Transcript at 103.) Specifically, this Court finds that the continued expense and delay of the litigation was a key factor and importantly and properly weighed by the Bankruptcy Court, given the time and history associated with this case and that the continued pursuit of the Avoidance Actions would not expeditiously bring the matter to a resolution. Finally, the Bankruptcy Court weighed the interests of the creditors (KCIR and Lionel Trust) and the interests of the Omaha Seldins as interest holders. Here, the Bankruptcy Court made the decision to put the interests of creditors ahead of the interests of the Omaha Seldins in approving the Sale Motion, which was not an abuse of the Bankruptcy Court's disretion. (Sale Motion Hearing Transcript at 104.)

The Bankruptcy Court also gave the proper consideration to the Omaha Seldins' § 503 Motion and allowed the Omaha Seldins to be fully heard on their objection to the Sale Motion. At multiple points throughout the Sale Motion Hearing, the Bankruptcy Court wrestled with the Omaha Seldins' arguments about the slimey feeling of allowing an affiliate of the defendants to the Avoidance Claims to purchase those claims, and the

Bankruptcy Court ultimately admitted that the decision to approve the Sale Motion was a close call. (Sale Motion Hearing Transcript at 104.)

This Court finds that the Bankruptcy Court applied the proper legal standards in analyzing the sale of the Avoidance Claims as settlement under Rule 9019 and that none of the Bankruptcy Court's findings rise to the level of an abuse of discretion. The Bankruptcy Court fully addressed both the § 363 sale standard and the fair and equitable standard when entering the Sale Order, thereby applying the correct legal standards. The Bankruptcy Court carefully considered the record before it and made a decision in favor of entering the Sale Motion, which was fully within its discretion.

Accordingly, this Court affirms the Bankruptcy Court's decision.

## IV. Conclusion

The Court has reviewed the Bankruptcy Court's conclusions of law *de novo,* its compliance with the Federal Rules of Bankruptcy Procedure and § 363 of the Bankruptcy Code for abuse of discretion, and its findings of fact for clear error, and will affirm the Bankruptcy Court's judgment. Accordingly,

**IT IS ORDERED** that the order of the United States Bankruptcy Court is **affirmed**. The Clerk of Court shall enter judgment accordingly and terminate this case.

Dated this 25th day of May, 2018.

_____
Honorable Steven P. Logan
United States District Judge